IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRAPER FRANK WOODYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 25-220-KD-MU |
| ) | |
| FOLEY POLICE DEP'T, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Draper Frank Woodyard, without the assistance of an attorney, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), along with two subsequent "Supplements" to the complaint (*see* Docs. 5, 8). Based on Plaintiff's filings, he is attempting to sue Investigator Purdue, Officer Designer, and multiple unknown officials of the Foley Police Department, the Warden and Mayor of the City of Foley, Alabama, and the City of Foley Jail for alleged constitutional violations that occurred during arrests and interrogations by Foley police officers on April 6, 2025, and May 9 or 10, 2025, as well as incidents that occurred while confined at the Foley City Jail on or around February 16 and April 7, 2025. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Review of Plaintiff's complaint and supplements reveal several deficiencies. To avoid confusion and ensure clarity, Plaintiff is **ORDERED** to file an amended complaint on or before **February 13, 2026,** using this Court's required form complaint for a prisoner action under 42 U.S.C. § 1983.

Woodyard's amended complaint will completely replace his previously filed complaint and supplements (Docs. 1, 5, 8). Therefore, in drafting the amended complaint, Woodyard should not reference or seek to incorporate by reference any portion of his previously filed complaints (or other pending cases), because the previous complaint and supplements are considered abandoned upon the filing of the amended complaint. Woodyard must fully complete all applicable sections of the form complaint and sign the complaint under penalty of perjury. If additional pages are needed, Woodyard must strictly follow the format contained in the form complaint when completing the additional pages.

Having reviewed Woodyard's complaint and supplements (which are not currently on the Court's required complaint form), the Court reminds Woodyard that a complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To show a defendant is liable for the misconduct alleged, a plaintiff is required to include factual allegations that plausibly support each essential element of his claim. *Randall v. Scott,* 610 F.3d 701, 708 n.2 (11th Cir. 2010). Vague and conclusory allegations are subject to dismissal because they do not provide facts. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

In his current filings, Woodyard has alleged various excessive force allegations but has failed to provide sufficient details regarding the incidents to establish a claim. Woodyard's excessive force claims are analyzed under the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show that the force "purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Id*. Whether conduct is considered objectively reasonable "turns on the 'facts and circumstances of each particular case.'" *Id*. (citing *Graham*, 490 U.S. at 396). *Kingsley* provides six non-exclusive factors for determining whether force is considered reasonable or unreasonable, including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; efforts made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. Woodyard should keep these factors in mind and provide facts that relate to these factors when drafting his amended complaint.

Similarly, Woodyard has failed to provide sufficient details regarding his need for medical care and denial of such care. Without such details, the Court is without information to determine whether Plaintiff suffered an objectively serious medical need, which is essential to stating a denial of medical care claim under § 1983. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, (2002)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (internal quotation marks and citation omitted). Furthermore, the Court is also without facts from Plaintiff's complaint to demonstrate deliberate indifference on the part of the defendants. *See Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) ("[T]he plaintiff must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,'... and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant 'actually knew of a substantial risk to inmate health or safety' he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'" (quoting *Farmer v Brennan,* 511 U.S. 825, 839, 844-45 (1994)).

As to the claims asserted against supervisory defendants, Woodyard is reminded that there is no "vicarious liability, including *respondeat superior*, in § 1983 actions." *Goebert v. Lee Cnty*, 510 F.3d 1312, 1331 (11th Cir. 2007). This means a defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts." *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), *aff'd*, 261 F. App'x 182 (11th Cir. 2008). Accordingly, Woodyard must show a causal connection between each defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th

Cir. 1986) (per curiam); *see also Grech v. Clayton Cnty., Ga.,* 335 F.3d 1326, 1330 n. 6 (11th Cir. 2003) ("A single incident would not be so pervasive as to be a custom or practice.").

Woodyard is hereby **ORDERED** to file an amended complaint on or before **February 13, 2026.** Woodyard is informed that his amended complaint will completely replace his previous complaint and supplements (Docs. 1, 5, 8). Therefore, the amended complaint shall **not** rely upon, reference, or seek to incorporate by reference any portion of his prior complaints or any other pending case. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed). Woodyard must include every detail and claim he wants to bring against defendants within the amended complaint, or it will not be considered by the Court. To comply with the pleading requirements for an actionable complaint, Woodyard must do the following in his amended complaint:

1. List each defendant in separately, numbered paragraphs and describe fully the specific claim being asserted against the particular defendant in that paragraph.
2. Provide facts that describe what *each* of the defendants did or did not do that gave rise to each claim. Woodyard should set forth times and dates where possible.
3. Describe all injuries and damages caused by the defendants.
4. Clearly state the relief requested from this Court. For example, whether he wants to be compensated in money and/or whether he wants an order from the Court ordering a party to take a particular action or to refrain from a particular action.

Woodyard is **cautioned** that if he does not file an amended complaint on or before **February 13, 2026**, or if he files an amended complaint that fails to comply with the directives and pleading standards set out in this order, the undersigned will recommend that this action be dismissed. Woodyard is further cautioned that his failure to advise the Court immediately of any change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and comply with the Court's orders. The Court will screen Woodyard's amended complaint under 28 U.S.C. § 1915 once it is filed.

The Clerk is **DIRECTED** to send Plaintiff the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as a copy of his initial complaint (Doc. 1) and supplements to the complaint (Docs. 5, 8) to aid him in drafting an amended complaint.

**DONE** and **ORDERED** this **5**th day of **January, 2026**.

                                **/s/ P. BRADLEY MURRAY**
                                **UNITED STATES MAGISTRATE JUDGE**