IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRAPER FRANK WOODYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 25-220-KD-MU |
| ) | |
| FOLEY POLICE DEPT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Draper Frank Woodyard ("Plaintiff" or "Woodyard"), without the assistance of an attorney, filed a complaint under 42 U.S.C. § 1983, which was docketed by the Court on May 22, 2025. (Doc. 1). The complaint asserts allegations of constitutional violations related to an arrest and detainment by Foley police officers on or around April 6, 2025. (*Id*.). At the direction of the Court, Plaintiff filed an Amended Complaint. (*See* Doc. 16). In the Amended Complaint (Doc. 16), Plaintiff explained that other filings docketed in this action, 25-cv-220-KD-MU, specifically Documents 5, 8, 14, and 15, were intended to initiate separate civil suits because the complained of incidents occurred on different dates, involved different sets of facts, and asserted allegations against different parties. (*See* Doc. 16 at 10). Plaintiff asks that he be allowed to proceed with his claims in separate actions. (*Id*.).

Accordingly, the Clerk is **DIRECTED** to place a copy of Documents 5 and 15 into a new action, styled *Woodyard v. Officer Designer, et al.*, along with a copy of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3). This civil action relates to an incident that occurred on or around February 16 or 17, 2025 at the Foley City Jail. Once

a new case is opened, the Court will send Plaintiff Notice of the new case and case number. The Court will contact Plaintiff if, and, or when it needs anything further from Plaintiff regarding this new case.

The Clerk is further **DIRECTED** to place a copy of Documents 8 and 14 into a new action, styled *Woodyard v. Officer Pena, et al.,* along with a copy of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3). This civil action relates to Plaintiff's arrest by Foley Police officers on or around May 9, 2024. Once a new case is opened, the Court will send Plaintiff Notice of the new case and case number. The Court will contact Plaintiff if, and, or when it needs anything further from Plaintiff regarding this new case.

Plaintiff has also filed a Motion to Intervene in this action, alleging he is being denied access to the law library and is receiving inadequate mailing supplies - "2 stamped envelopes paper and pen a week"- to litigate his many pending cases. (Doc. 12 at 1). He maintains that he must "sell daily rations to other inmates for envelopes and stamps," which is causing him to get sick and lose weight. (*Id*. at 3). While the law requires "that indigent inmates must be provided at state expense with paper and pen to draft legal documents, . . .and with stamps to mail them," *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), it does not require "that indigent inmates be permitted to mail unlimited legal correspondence at state expense." *Hoppins v. Wallace*, 751 F.2d 1161, 1161 (11th Cir. 1985) (holding that postage for two first-class letters a week was adequate to allow reasonable access to the court). This is true regardless of the number of actions Plaintiff chooses to initiate. *See Id*. at 1162 (noting that Hoppins was very litigious with many cases filed in a variety of courts). No evidence has been presented that any of Plaintiff's many cases have been dismissed or that any sanction has been imposed by the courts

due to the impact of the Baldwin County Jail's indigent mail kit policy. Instead, Plaintiff, like *Hoppins*, is being provided 2 free stamps a week. This is reasonable and sufficient to fulfill the constitutional right to access the courts. Accordingly, Plaintiff's Motion to Intervene (Doc. 12) is **DENIED**.

Plaintiff Woodyard is **cautioned** that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and comply with the Court's orders. The Court, by separate order, will now screen Woodyard's amended complaint (Doc. 16) under 28 U.S.C. § 1915.

**DONE** and **ORDERED** this **10th** day of **March, 2026**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**